ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 SEP -8 PM 2: 19

CLERK
S. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SAMUEL NATHANIEL BAILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 105-027 |
| | ) | |
| DONALD BARROW, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate presently incarcerated at Valdosta State Prison in Valdosta, Georgia, filed the captioned case pursuant to 28 U.S.C. § 2254 in the Middle District of Georgia. Bailey v. Barrow, CV 505-055-CAR-CWH, doc. no. 1, (M.D. Ga. Feb. 17, 2005)(hereinafter "CV 505-055"). As Petitioner is attempting to challenge a state conviction entered in the Superior Court of Richmond County, Georgia, which is located in this District, his case was transferred to this Court. The petition is now before the Court on Respondent's motion to dismiss the Petitioner as untimely. (Doc. no. 6). Petitioner has filed a response. (Doc. no. 10). Also, Petitioner has filed a motion to dismiss one of his claims as unexhausted. (Doc. no. 9).

For the reasons stated more fully below, the Court **FINDS** that Petitioner's federal habeas corpus petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss (doc. no. 6) be **GRANTED**, that Petitioner's motion to dismiss an unexhausted

claim (doc. no. 9) be **DENIED** as **MOOT**, that this civil action be **DISMISSED**, and that a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

On December 6, 1996, following a jury trial in the Superior Court of Richmond County, Georgia, Petitioner was convicted of armed robbery, felony murder, and possession of a firearm during the commission of a crime. Resp.'s Ex. 3, pp. 119-121, 318. On December 20, 1996, the trial court sentenced Petitioner to consecutive terms of life imprisonment as to the armed robbery and felony murder convictions, as well as a consecutive term of five (5) years of imprisonment as to the firearm possession conviction. Id. at 319. Petitioner filed a motion for new trial on January 16, 1997, which was denied on May 5, 1999. See Bailey v. State, 273 Ga. 303, 304 n.1, S.E.2d 202, 204 n.1 (2001). Upon direct appeal, the Georgia Supreme Court affirmed Petitioner's convictions and sentences on January 8, 2001. See generally id. Petitioner did not seek *certiorari* review from the United States Supreme Court.

Although not addressed by Respondent, Petitioner alleges that he attempted to file a state habeas petition in the Superior Court of Lowndes County, Georgia, on June 18, 2001, but that he was "denied access to court" when the clerk of court refused to file his petition. (Doc. no. 10-1, pp. 1-3). Petitioner has submitted documents he claims support his allegations. In fact, these documents show that on July 9, 2001, the Honorable Arthur McLane, Chief Judge of the Southern Judicial Circuit of Georgia, denied Petitioner's request to file his June 18th petition *in forma pauperis* because Petitioner had not submitted a "prison income record for the past twelve months." (Id. at 20). Thus, Judge McLane

2

directed the clerk of court to hold Petitioner's June 18th petition unfiled for forty-five (45) days to allow Petitioner to comply with the requirements for proceeding *in forma pauperis*. (Id.). Petitioner was also informed that if he did not comply, the June 18th petition would be returned to him unfiled. (Id.).

At some point, Petitioner apparently did send the required documentation, but because his prison records revealed a prison trust account balance in "excess of $800.00," an amount well above the state filing fee, Judge McLane denied Plaintiff's request to proceed *in forma pauperis* on July 17, 2002. (Id. at 21). Once again, Judge McLane directed the clerk of court to hold Petitioner's June 18th petition for 45 days in order to allow Petitioner time to pay the filing fee. (Id.). Petitioner was also informed that if he did not comply, the June 18th petition would be returned unfiled. (Id.). It is not apparent whether Petitioner then paid the filing fee or simply refiled; regardless, Petitioner and Respondent seem to agree that no state habeas corpus petition was ever actually filed until July 22, 2002. Resp.'s Ex. 1.

On May 12, 2004, the state habeas court conducted an evidentiary hearing with regard to Petitioner's July 22nd petition; this hearing was attended by Petitioner and his retained counsel. See Resp. Exs. 2-4. On January 10, 2005, the state habeas court denied relief, and Petitioner did not seek any further state remedies. Resp.'s Ex. 2. Meanwhile, Petitioner has also sought federal habeas corpus relief in this Court on two prior occasions by filing petitions in 1997 and 2002. Both federal petitions were dismissed without prejudice so that Petitioner could exhaust his state remedies. See Bailey v. Tompkins, CV 197-229, doc. no. 19 (S.D. Ga. Jan. 30, 1998)(granting the respondent's motion to dismiss for lack of exhaustion)(hereinafter "CV 197-229") & Bailey v. Lewis, CV 102-001, doc. no. 15 (S.D.

3

Ga. Jun. 14, 2002)(granting Petitioner's motion to voluntarily dismiss his petition)(hereinafter "CV 102-001").

Now before the Court is Petitioner's latest petition, signed February 6, 2005.[1] CV 505-055, doc. no. 1, p. 11.

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented

---

[1] The instant petition is deemed filed on the date of delivery to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 275-76 (1988). In the Eleventh Circuit, the district court is to construe the date of Petitioner's signature as the date of delivery to prison officials for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (*per curiam*) (applying "mailbox rule" to motion to vacate filed pursuant to 28 U.S.C. § 2255). Thus, the Court construes the date that Petitioner signed the instant federal petition, February 6, 2005, as the date he filed the petition.

4

could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, Petitioner's conviction became final when the ninety-day period in which to seek *certiorari* review from the United States Supreme Court expired. See Nix v. Secretary of Dept. for Corrections, 393 F.3d 1235, 1236-37 (11th Cir. 2004). The Supreme Court of Georgia affirmed Petitioner's conviction on January 8, 2001. Thus, Petitioner's conviction became "final" for purposes of the AEDPA one-year statute of limitations on or about April 8, 2001. Thus, Petitioner's time in which to file a federal petition expired in April 2002. Petitioner did not execute the instant habeas petition until February 2005, making it clearly untimely absent some basis for tolling the statutory period or otherwise delaying the start of Petitioner's AEDPA clock.

Of course, Petitioner argues that the AEDPA period of limitations should be tolled during the pendency of his various state and federal filings. (See doc. no. 10). It is true that the AEDPA allows for statutory tolling during the pendency of "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). However, § 2244(d)(2) is of no benefit to Petitioner.

First, of Petitioner's attempts to pursue post-conviction relief in state court, only his aborted June 18, 2001, petition was brought before the expiration of the AEDPA period of limitations.[2] However, as discussed *supra*, Petitioner was not able to actually file a state

---

[2] Any action Petitioner took in state court after April 2002 is of no moment because "once a deadline has expired, there is nothing left to toll. A state court filing after the federal

5

habeas petition before July 22, 2002, because of his failure to satisfy the state court's filing requirements. This failure is fatal to Petitioner's argument that the statutory period should be tolled.

Only "properly filed" applications for state post-conviction relief may have tolling effect. In order to be "properly filed," it must be "delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Petitioner's June 18th petition was never accepted by the state court for placement in the official record because Petitioner did not pay the filing fee or otherwise meet that court's requirements for proceeding *in forma pauperis*. A state prisoner's failure to satisfy conditions to filing, such as making applicable fee payments or complying with procedures for proceeding *in forma pauperis*, forecloses the possibility of tolling under § 2244(d)(2). See id. In sum, Petitioner's June 18th petition did not constitute a "properly filed" application and therefore has no tolling effect under § 2244(d)(2).

Likewise, Petitioner's 1997 and 2002 federal petitions filed in this Court have no tolling effect under § 2244(d)(2). "[T]he filing of a petition for habeas corpus in federal court does not toll the statute of limitations." Rhines v. Weber, __ U.S. __, 125 S. Ct. 1528, 1533 (2005)(citing Duncan v. Walker, 533 U.S. 167, 181-82 (2001)). Furthermore, this Court was not obliged to warn Petitioner that his AEDPA clock was ticking before dismissing his prior, unexhausted petitions. See Pliler v. Ford, 542 U.S. ___, 124 S. Ct. 2441, 2445-47 (2004). Put plainly, none of Petitioner's previous filings in state court or federal court provide any

---

habeas filing deadline does not revive it." Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)(citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

6

basis for statutory tolling.[3]

Of course, the Court is aware that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Secretary for Dep't of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001) (*per curiam*) (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Nevertheless, equitable tolling "is an extraordinary remedy that is typically applied sparingly," and it is only "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (*per curiam*) (citations and quotations omitted). Accordingly, "[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Id.

Here, Petitioner has not provided any explanation for his untimeliness that would satisfy the "extraordinary circumstances" and "due diligence" thresholds described above. Thus, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

### III. CONCLUSION

For the foregoing reasons, the Court **FINDS** the instant petition for a writ of habeas corpus is time-barred. Accordingly, the Court **REPORTS** and **RECOMMENDS** that

---

[3]The Court is aware of Petitioner's argument that the state court's refusal to file his June 18th petition amounted to an "impediment" to filing a timely federal petition; however, this argument is frivolous and does not merit further discussion. (See doc. no. 10-1, pp. 1-3). Petitioner's other arguments for delaying the start of his AEDPA clock are similarly meritless and need not be addressed explicitly.

7

Respondent's motion to dismiss (doc. no. 6) be **GRANTED**, that Petitioner's motion to dismiss an unexhausted claim (doc. no. 9) be **DENIED** as **MOOT**, that this civil action be **DISMISSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED AND RECOMMENDED this 8th day of September, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

BAILEY )
)
vs ) CASE NUMBER CV105-027
BARROW )
) DIVISION AUGUSTA

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 09/08/05 _____, which is part of the official record of this case.

Date of Mailing: 09/08/05

Date of Certificate [X] same date, or _____

Scott L. Poff, Clerk

By: *Joe Howell*
Joe Howell, Deputy Clerk

**Name and Address**

SAMUEL NATHANIEL BAILEY SERVED @ PRISON ADDRESS
CHAD ERIC JACOBS

[ ] Copy placed in Minutes
[ ] Copy given to Judge
[X] Copy given to Magistrate